1  John W. Davis (CA Bar No. 200113)
2  LAW OFFICE OF JOHN W. DAVIS
   501 W. Broadway, Suite 800
3  San Diego, CA  92101
4  Telephone: (619) 400-4870
   Facsimile:  (619) 342-7170
5  Email: john@johnwdavis.com

6
   Charles M. Thompson  (Applying for Admission *Pro Hac Vice*)
7  1401 Doug Baker Blvd., Suite 107-135
8  Birmingham, AL  35242
   Telephone (205) 995-0068
9  Facsimile: (866) 610-1650
   Email: cmtlaw@aol.com
10

11  Attorneys for Plaintiff

12        **IN THE UNITED STATES DISTRICT COURT**

13
          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
14

15

16  JANELL JOHNSON                      Civ. Action No. __**'17 CV 1736 MMA MDD**__
    CAMPBELL, individually, and
17  on behalf of all others similarly    **CLASS ACTION**
    situated,
18                                        **COMPLAINT FOR PERMANENT
                                          INJUNCTIVE RELIEF, RESTITUTION,
19                  Plaintiff,            AND DAMAGES FOR VIOLATION OF
                                          CAL. BUS. AND PROF. CODE § 17200, ET
20  v.                                    SEQ., AND BUS. AND PROF. CODE §
                                          17500, ET SEQ., FOR NEGLIGENT
21                                        MISPRESENTATION AND
22                                        INTENTIONAL MISREPRESENTATION,
    ANNIE'S HOMEGROWN, INC.               FOR BREACH OF EXPRESS AND
23  and                                   IMPLIED WARRANTIES, AND FOR
    GENERAL MILLS, INC.,                  VIOLATION OF CALIFORNIA'S
24                                        CONSUMER LEGAL REMEDIES ACT,
25                                        CIVIL CODE § 1750, ET SEQ.**
    Defendants.
26

27                                        *Jury Trial Requested*

28

          Complaint for Injunctive Relief and Damages

Plaintiff, Janell Johnson Campbell, by and through her attorneys, alleges upon personal knowledge as to her, and as to all other matters upon information and belief based upon, *inter alia*, the investigation made by her attorneys, as follows:

## I. PARTIES

1.      Plaintiff Janell Johnson Campbell is, and at all relevant times mentioned in this Complaint, was a resident of Hoover, Shelby County, Alabama. Plaintiff purchased Annie's Natural® salad dressing at Walmart in April of 2017. Being a health conscious consumer, she was drawn to the representation that the dressing was a "natural" product.  In her mind, she understood that there was no synthetic ingredient in the salad dressing, since it was represented as "natural." This Complaint involves allegations of misrepresentation and other wrong-doings within the State of California and across the United States by Defendant Annie's Homegrown, Inc. ("Annie's) and Defendant General Mills, Inc. ("General Mills"), who both are sometimes jointly referred to collectively as "Defendants".

2.      Defendant Annie's is, to the best knowledge and belief of Plaintiff, a Delaware corporation with its principal office located in the State of California. Annie's, it is believed, operates as a wholly-owned subsidiary of General Mills, which to the best knowledge and belief of Plaintiff, is a Delaware corporation with its corporate headquarters and principal office located in the State of Minnesota. Defendants manufacture, distribute and sell at retail to California consumers, and across the United States, the products subject of this Complaint - Annie's Natural® Products.

## II.   JURISDICTION AND VENUE

3.      Subject matter jurisdiction over this civil action exists in this Court

Complaint for Injunctive Relief and Damages

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

pursuant to 28 U.S.C. § 1332.  Furthermore, due to complete diversity of citizenship of the parties and the amount in controversy being in excess of $5 million, exclusive of interest, and costs, this Court is further granted subject matter jurisdiction.

4.      This Court should also exercise jurisdiction over this case since less than two-thirds of the putative class reside within the State of California.

5.      Additionally, since (i) Defendants conduct substantial business within the State of California such that Defendants have more than sufficient contacts within the State of California, and (ii) Defendant Annie's principal place of business is in the State of California, this Court has personal jurisdiction over this case.

6.      Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 (a) because Defendants (i) conduct a substantial business in this District and (ii) a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## III. CASE SUMMARY

7.      This case arises out of Defendants' deceptive, unfair, and false practices regarding their marketing of their Annie's Naturals® salad dressings (the "Products").

8.      On the label of the Products, Defendants intentionally and conspicuously represent that the Products are "Natural."  The products further recite on the front bottom: "No artificial flavors, synthetic colors or synthetic preservatives."  The reasonable consumer would think, as did the Plaintiff, that the Products are "all Natural."  The Products, however, are not "all Natural" because they contain Xanthan Gum, a "Synthetic Ingredient."

9.      The United States Food and Drug Administration (hereinafter, "the

- 3 -
Complaint for Injunctive Relief and Damages

1  FDA") does not object to the use of the term "natural" to describe a food product so

2  long as the product does not contain a synthetic substance.

3      10.      Knowing that reasonable consumers like Plaintiff are increasingly

4  interested in purchasing healthy food products that do not contain potentially

5
6  harmful artificial, synthetic ingredients, Defendants have sought to take advantage

7  of this growing market by labeling certain products as "Natural."  By affixing such a

8  label to the packaging of the Products, Defendants expect to entice consumers like

9  Plaintiff to pay a premium for the Products.

10     11.      The label of the Products is deceptive, unfair, false, and misleading in

11
12 that Defendants prominently represent that the Products are "Natural." They are not.



- 4 -

Complaint for Injunctive Relief and Damages

12.     The Products are not "all Natural" because they contain the Synthetic Ingredient, Xanthan gum.

13.     Xanthan Gum is a powerful synthetic thickener that is commercially manufactured by fermenting bacteria with glucose, sucrose or lactose, which is then sterilized with isopropyl alcohol before being dried and milled for use commercially as a powder.   7 C.F.R. 205.605(b) unequivocally identifies Xanthan Gum as a synthetic substance.

14.     Neither Plaintiff nor any reasonable consumer would expect to find synthetic ingredients in Products labeled "Natural."

15.     Furthermore, neither Plaintiff nor any reasonable consumer when reviewing the label of the Products would know nor should know that Xanthan Gum is not natural, even though Defendants include it on the reverse ingredients list of the Products.

16.     As a result of Defendants' deceitful labels, Defendants are able to charge Plaintiff and class members a premium for the Products.   Because the Products are not in fact wholly natural, the Products are actually worth less than they are represented, and Plaintiff and class members have paid extra for them.

17.     Defendants' misrepresentation constitutes unfair and deceptive practices, including but not limited to the use or employment of deception, fraud, false pretense, false promise, and misrepresentation.

## IV. CLASS ALLEGATIONS

18.     Plaintiff brings this action on her own behalf and on behalf of a proposed class of all other similarly situated persons ("Class Members" or the "Class") consisting of:

Complaint for Injunctive Relief and Damages

1
2
3
4

All citizens of the United States, its territories and Puerto Rico who purchased Annie's Natural® products for personal, household, or family purposes in the six years preceding the filing of this Petition (the "Class Period").

5
6
7
8
9
10
11
12
13

19.     Excluded from the Class are: (a) federal, state and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendants have a controlling interest, to include, but not limited to, their legal representatives, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in this lawsuit and/or persons within the third degree of consanguinity to such officer.

14
15
16
17

20.     Upon information and belief, the Class consists of thousands of purchasers of the Products.  Accordingly, it would be impracticable to join all Class Members before the Court.

18
19
20

21.     There are numerous and substantial questions of law or fact common to all of the members of the Class and which predominate over any individual issues. Included within the common questions of law or fact are:

21
22

   a. whether the "Natural" claim on the Products' labels is unfair, false, misleading, and deceptive:

23
24

   b. whether Defendants violated the law by selling the Products with false, misleading, and deceptive representations;

25
26

   c. whether Defendants intended that Plaintiff and the Class Members would rely on its "Natural" representations;

27
28

   d. whether Defendants' acts constitute unfair, deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading merchandising practices;

Complaint for Injunctive Relief and Damages

e.  whether Defendants were unjustly enriched; and

f.  the proper measure of damages sustained by Plaintiff and Class Members.

22.     The claims of the Plaintiff are typical of the claims of Class Members, in that she shares the above-referenced facts and legal claims or questions with Class Members; there is a sufficient relationship between the damage to Plaintiff and Defendants' conduct affecting Class Members, and Plaintiff has no interests adverse to the interests of other Class Members.

23.     Plaintiff will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

24.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.  the claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

b.  absent a Class, the Class Member will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

c.  given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs that Defendant has committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d.  when the liability of Defendants has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

Complaint for Injunctive Relief and Damages

1
2
3
4

e.  this action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendants.

5
6
7
8
9

25.       Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants.

10
11
12
13
14
15
16
17

26.       Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation.  Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests.   As a consequence, class treatment is a superior method for adjudication of the issues in this case.

18
19

### V.  FIRST CAUSE OF ACTION:
### FOR VIOLATION OF BUS. & PROF. CODE §17200, ET SEQ.
### AND SIMILAR LAWS OF OTHER STATES

20
21
22

27.       Plaintiff repeats, re-alleges and incorporates herein by reference the allegations of  paragraphs 1 through 26, inclusive, above.

23
24
25
26
27
28

28.       Beginning at an exact date unknown to Plaintiff, Defendants committed acts of unfair competition, as defined by Bus. & Prof. Code §17200, and similar laws of other states by engaging in the false advertising and promotion of the products as "Natural" when in fact the products contained at least one synthetic additive.  The packaging on the product is deceptive as described hereinabove.  A

Complaint for Injunctive Relief and Damages

true and correct copy of the Defendants' promotion of the products as "Natural." is depicted in paragraph 11 above.

29.     These acts and practices violate the UCL and similar laws of other states in that:

(a)     The above-described false advertising and promotion are likely to mislead consumers and, consequently, constitute a fraudulent and deceptive business act or practice within the meaning of the UCL and similar laws of other states;

(b)     The above-described false advertising and promotion are an unlawful business practice under the UCL and similar laws of other states in that they violate California Civil Code §1770(a)(5), and related legislation of other states which bars "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…"; and

(c)     The harm of the above-described false advertising and promotion to Plaintiff and to the other consumers outweighs the utility of the practices by Defendants and, consequently, constitutes an unfair business act or practice within the meaning of the UCL and similar laws of other states.

(d)     The fraudulent, unlawful and unfair business practices and false and misleading advertising by Defendants, as described above, present a continuing threat to consumers, in that they will continue to mislead consumers to purchase the products based on false premises.

30.     As a direct and proximate result of the aforementioned acts, Defendants received and continue to hold money belonging to Plaintiff and other

Complaint for Injunctive Relief and Damages

1 consumers who were led to purchase the products by the unlawful acts of

2 Defendants.

## VI.   SECOND CAUSE OF ACTION:
## FOR VIOLATION OF BUS. & PROF. CODE §17500, ET SEQ.
## AND SIMILAR LAWS OF OTHER STATES

31.      Plaintiff repeats, re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 30, inclusive, above.

32.      Beginning at an exact date unknown to Plaintiff, Defendants committed acts of untrue and misleading advertising as defined by Bus. & Prof. Code §17500, and similar laws of other states, by engaging in the false advertising and promotion of the products as natural when they contained a synthetic additive.  The packaging on the product is deceptive as described hereinabove.

33.      The fraudulent, unlawful and unfair business practices and false and misleading advertising by Defendants, as described above, present a continuing threat to consumers, in that such will continue to mislead consumers to purchase the products based on false premises.

## VII.  THIRD CAUSE OF ACTION:
## FOR NEGLIGENT MISREPRESENTATION

34.      Plaintiff repeats, re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 33, inclusive, above.

35.       Defendants' above-mentioned representations about Annie's Natural® Products were untrue.

36.      Defendants made the representations herein alleged with the intention of inducing reasonable consumers, including Plaintiff, to purchase Defendants' said products by falsely causing them to believe that the subject products were wholly

Complaint for Injunctive Relief and Damages

natural and lacking synthetic additives.

37.     Plaintiff and other consumers saw, believed, and relied on Defendants' advertising representations and, in reliance on them, purchased the products.

38.     At the time Defendants made the misrepresentations herein alleged, Defendants had no reasonable grounds for believing the representations to be true or correct.

39.     As a proximate result of Defendants' negligent misrepresentations, Plaintiff and other consumers were induced to spend an amount to be determined at trial on Defendants' products.

### VIII. FOURTH CAUSE OF ACTION:
### FOR INTENTIONAL MISREPRESENTATION

40.     Plaintiff repeats, re-alleges, and incorporates herein by reference the allegations of paragraphs 1 through 39, inclusive, above.

41.     Beginning at an exact date unknown to Plaintiff, Defendants represented to the public, including Plaintiff, by packaging and other means, that Annie's Natural® Products were wholly natural with no synthetic additives.  The packaging and representations on and regarding the products are deceptive as described hereinabove.

42.     Defendants' representations were untrue, in that Annie's Natural® Products are not wholly natural but in actuality contain at least one synthetic additive, as set forth in detail above.

43.     At the time Defendants made the representations herein alleged, Defendants knew the representations were false.

44.     Defendants made the misrepresentations herein alleged with the

- 11 -

intention of depriving Plaintiff and the putative class of property or otherwise

causing injury, and are guilty of fraud.

45.     As a proximate result of these acts, Plaintiff and other reasonable

consumers were induced to spend an amount on Defendants' products in excess of

prices paid for similar products, not being so represented – same to be determined at

trial.

46.     Plaintiff is informed and believes and thereby alleges that Defendants

knew that the aforementioned products did not provide the promoted health benefits

as being wholly natural and did in fact contain said synthetic ingredient(s).   Plaintiff

and other consumers, in purchasing and using the products as herein alleged, did

rely on Defendants' above representations, all to their damage as hereinabove

alleged. In doing the things aforementioned, Defendants were guilty of malice,

oppression, and fraud, and Plaintiff and the putative class are, therefore, entitled to

recover exemplary or punitive damages.

## IX. FIFTH CAUSE OF ACTION:
## FOR BREACH OF EXPRESS WARRANTY

47.     Plaintiff repeats, re-alleges and incorporates herein by reference the

allegations of  paragraphs 1 through 46, inclusive, above.

48.     The promise and representation by Defendants that Annie's Natural®

Products contain no synthetic additives became part of the basis of the bargain

between the parties and this constituted an express warranty.

49.     Thereby, Defendants sold the goods to Plaintiff and other consumers,

who bought the goods from Defendants, based on said warranty.

50.     However, Defendants breached the express warranty, in that the goods

Complaint for Injunctive Relief and Damages

were in fact not as represented, as set forth in detail above. As a result of this breach, Plaintiff and other consumers in fact did not receive the goods as warranted by Defendants.

51.      As a proximate result of this breach of warranty by Defendants, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

## X. SIXTH CAUSE OF ACTION:
## FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

52.      Plaintiff repeats, re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 51, inclusive, above.

53.      Defendants are merchants with respect to goods of the kind which were sold to Plaintiff and other consumers, and there was in the sale to Plaintiff and other consumers an implied warranty that those goods were merchantable as represented.

54.      However, Defendants breached that warranty which was implied in the contract for the sale of goods.

55.      As a result thereof, Plaintiff and other consumers did not receive goods as impliedly warranted by Defendants to be merchantable.

56.      As a proximate result of this said breach of warranty by Defendants, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

## XI. SEVENTH CAUSE OF ACTION:
## FOR BREACH OF IMPLIED WARRANTY OF FITNESS OF PURPOSE

57.      Plaintiff repeats, re-alleges and incorporates herein by reference the

- 13 -

Complaint for Injunctive Relief and Damages

1    allegations of paragraphs 1 through 56, inclusive, above.

2        58.        Plaintiff and other consumers sought a good source for nutritional

3    value of natural food products without a synthetic additive.  Plaintiff relied on

4    Defendants' skill and judgment to select and furnish suitable goods for that purpose.

5    Plaintiff and other consumers selected the more expensive Annie's Natural®

6    Products in reliance on Defendants' representation that such was the state of the

7    products, which in fact was not true.

8

9        59.        At the time of the sale, Defendants had reason to know the particular

10   purpose for which the goods were required, and that Plaintiff and other consumers

11   were relying on Defendants' skill and judgment to select and furnish suitable goods

12   so that there was an implied warranty that the goods were fit for the purpose

13

14   intended.

15       60.        However, Defendants breached the warranty implied at the time of

16   sale, in that Plaintiff and other consumers did not receive suitable goods, and the

17   goods were not fit for the particular purpose for which they were required in that the

18   goods were/are not as marketed by Defendants.

19

20       61.        As a proximate result of this breach of warranty by Defendants,

21   Plaintiff and other consumers have been damaged in an amount to be determined at

22   trial.

23                          **XII. EIGHTH CAUSE OF ACTION:**
**FOR VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES**
24                    **ACT; CALIFORNIA CIVIL CODE §1750 ET SEQ.**

25

26   *__Notice Pursuant to Civil Code §1782.__*

27   *Plaintiff hereby demands that within 30 days from service of this Complaint,*
*Defendant correct, repair, replace or otherwise rectify the deceptive practices*
28

- 14 -

1
2
*complained of herein for the entire Class pursuant to California Civil Code §*
*1770.  Failure to do so will result in Plaintiff amending this complaint to seek*
*damages for such deceptive practices pursuant to California Civil Code §1782.*

3
4
62.      Plaintiff repeats, re-alleges and incorporates herein by reference the
allegations of paragraphs 1 through 61, inclusive, above.

5
6
7
63.      Plaintiff, contends that Defendants have violated California Civil Code
§1770(a)(5) by making false and exaggerated claims (as set forth in detail above)

8
concerning Products being wholly natural without synthetic ingredients.  The

9
representation on the product is deceptive as described hereinabove.  Specifically,

10
the products' packaging falsely represents that Annie's Natural® Products possess

11
characteristics, uses and benefits they do not have.

12
13
64.      As a proximate result of this violation by Defendants, Plaintiff and
other consumers have been damaged in an amount to be determined at trial.

14

15

16
**WHEREFORE,** Plaintiff respectfully prays for relief from Defendants for the

17
first and second causes of action as follows:

18
19
20
21
22
1.   Pursuant to Bus. & Prof. Code §17203 and 17535, and similar laws of other
      states and pursuant to the equitable powers of this Court, Plaintiff prays that
      the Defendants be permanently enjoined from marketing the Products as
      presently performed;

23
24
25
26
27
28
2.   Pursuant to Bus. & Prof. Code §17203 and §17535, and similar laws of other
      states and pursuant to the equitable powers of this Court, Plaintiff prays that
      the Defendants be ordered to restore to Plaintiff and other consumers all
      funds acquired by means of any act or practice declared by this Court to be
      unlawful or fraudulent or to constitute unfair competition under Bus. & Prof.

Complaint for Injunctive Relief and Damages

Code §17200, et seq., and similar laws of other states or untrue or misleading advertising under Bus. & Prof. Code §17500;

3.   For attorney's fees and costs, and

4.   For such other costs and further relief as the Court may deem proper.

**WHEREFORE**, Plaintiff respectfully prays for relief from Defendants for the third and fourth causes of action as follows:

1.   For general damages in an amount to be determined at trial;

2.   For special damages in an amount to be determined at trial;

3.   For punitive damages;

4.   For attorney's fees and costs of suit herein incurred; and

5.   For such other and further relief as the court may deem proper.

**WHEREFORE**, Plaintiff prays for relief from Defendants for the fifth, sixth and seventh causes of action as follows:

1.   For damages in an amount to be determined at trial;

2.   For costs of suit herein incurred, including attorneys' fees, if appropriate; and

3.   For such other and further relief as the court may deem proper.

**WHEREFORE**, Plaintiff prays for relief from Defendants for the eighth cause of action as follows:

1.   For damages in an amount to be determined at trial;

2.   For costs of suit herein incurred, including attorneys' fees, if appropriate;

3.   That the Defendant be permanently enjoined from marketing the Products

Complaint for Injunctive Relief and Damages

being natural without synthetic additive(s); and

4.   For such other and further relief as the court may deem proper.

**Jury Trial Demand**

Plaintiff Janell Johnson Campbell hereby demands a trial by jury on all legal claims.

Respectfully submitted this 28th day of August, 2017.

**LAW OFFICE OF JOHN W. DAVIS**

By:   /s/ John W. Davis
          John W. Davis

John W. Davis (CA Bar No. 200113)
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4870
Facsimile:  (619) 342-7170
Email: john@johnwdavis.com

**CHARLES M. THOMPSON, P.C.**

By:   /s/ Charles M. Thompson
          Charles M. Thompson

Charles M. Thompson, (Applying for
Admission Pro Hac Vice)
1401 Doug Baker Blvd., Suite 107-135
Birmingham, AL 35242
Telephone (205) 995-0068
Facsimile: (866) 610-1650
Email: cmtlaw@aol.com

- 17 -

Complaint for Injunctive Relief and Damages