# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JANELL JOHNSON CAMPBELL,
individually and on behalf of all others
similarly situated,

Plaintiff,

v.

ANNIE'S HOMEGROWN, INC., et al.,

Defendants.

Case No.: 17cv1736-MMA (MDD)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, TRANSFER PROCEEDINGS**

[Doc. No. 16]

    Presently before the Court is Defendant Annie's Homegrown, Inc.'s ("Annie's") and Defendant General Mills, Inc.'s ("GM") motion to dismiss or, alternatively, transfer proceedings pursuant to the first-to-file rule.[1]  Doc. No 16-1 ("MTD").  Plaintiff filed an opposition [Doc. No. 18 ("Oppo.")] and Defendants filed a reply [Doc. No. 19 ("Reply")].  The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1.  Doc. No. 20.  For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion.

---

[1] Defendants also argue a transfer is appropriate pursuant to 28 U.S.C. § 1404(a).  MTD at 18. However, the Court declines to address this argument in light of the applicability of the first-to-file rule.

1

This case involves two overlapping class actions against Defendants Annie's and GM (collectively, "Defendants").

**1.**    *Rosillo Action*

On May 1, 2017, Lisa Rosillo and Jesse Kohn filed a class action against Annie's in the United States District Court for the Northern District of California. *Rosillo, et al. v. Annie's Homegrown, Inc., et al.*, No. 17cv2474-JSW, Doc. No. 1. On July 12, 2017, Rosillo and Kohn filed an amended class action complaint, adding GM as a defendant. *Id.*, Doc. No. 25. The following facts are taken from the Northern District of California's October 17, 2017, Order staying the case and denying Defendants' motion to dismiss:

> Defendants Annie's Homegrown Inc. and General Mills, Inc. ("Defendants") manufacture, market, and distribute "Annie's Naturals" products throughout the United States. The primary focus of the Annie's Naturals product line is that they are "natural" and therefore better than non-natural products. Plaintiffs allege that Defendants market the Annie's Naturals product in this way in an attempt to "capitalize" on the growing market for natural products and, specifically, consumers' willingness to pay a price premium for such products. Plaintiffs assert that Defendants market the Annie's Naturals products as "natural" by including the words "Annie's Naturals" on two places on the front of the packaging and once on the back.
>
> Contrary to the "natural" representation, Plaintiffs state that the Annie's Naturals products actually contain "synthetic and highly chemically processed ingredients" such as "xanthan gum." "Xanthan gum" is a "thickening agent that, according [to] the FDA regulations, is a synthetic substance." Plaintiffs assert that xanthan gum is not "natural" but is "instead manufactured through fermentation or carbohydrates and subsequent treatment of the byproduct with isopropyl alcohol." Because Annie's Naturals products allegedly contain such "non-natural" ingredients, Plaintiffs believe that Defendants have engaged in misleading advertising.
>
> In July 2016, Plaintiff Lisa Rosillo purchased a bottle of Annie's Naturals Balsamic Vinaigrette Salad Dressing from a Target store in Apple Valley, California. Ms. Rosillo alleges that she was "specifically interested in purchasing natural salad dressing" and, based on the "Annie's Natural" label, believed it was a "natural food product." Had she known that the product included "non-natural" ingredients, Ms. Rosillo claims she would not have purchased the product. Plaintiff Jesse Kohn makes similar allegations

regarding a bottle of Annie's Naturals Sesame Ginger Vinaigrette Salad Dressing and Annie's Naturals Goddess Dressing he purchased from a Whole Foods store in New York.

In light of the above, Plaintiffs assert eleven causes of action: (1) Violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (4) violation of the Magnuson-Moss Warranty Act ("MMA"), 15 U.S.C. §§ 2301, *et seq.*; (5) violation of New York General Business Law § 349; (6) false advertising in violation of New York's General Business Law § 350; (7) breach of express warranty; (8) breach of the implied warranty of merchantability; (9) unjust enrichment; (10) negligent misrepresentation; and (11) fraud.

*Id.*, Doc. No. 46 at 1-2 (internal citations omitted).

On August 25, 2017, Defendants filed a motion to dismiss the action, or in the alternative, stay the action under the primary jurisdiction doctrine, which Rosillo and Kohn opposed. *Id.*, Doc. Nos. 35, 41. In support of their motion to stay, Defendants argued that the Food and Drug Administration ("FDA") commenced regulatory proceedings to explore whether, and to what extent, it should regulate the term "natural" on food labels, and that the court should stay the case pending the FDA's decision. *Id.*, Doc. No. 35. The court agreed that the case should be stayed under the primary jurisdiction doctrine and declined to consider Defendants' arguments relating to the merits of Rosillo's and Kohn's claims. *Id.*, Doc. No. 46 at 3. The court ordered the parties to file a joint status report by January 19, 2018 setting forth the parties' positions on whether the stay should continue in the event the FDA's rulemaking is not complete by January 15, 2018. *Id.*, Doc. No. 46 at 7.

## 2. *Campbell Action*

Plaintiff Janell Johnson Campbell ("Plaintiff" or "Campbell") filed a similar class action lawsuit against Defendants in this District on August 28, 2017. Doc. No. 1 ("Compl."). Defendants Annie's and GM manufacture, distribute, and sell at retail to California consumers, and across the United States, Annie's Natural Products. Compl., ¶

17cv1736-MMA (MDD)

2.  Defendants market Annie's Naturals salad dressings as "natural," leading the reasonable consumer to believe that the products are "all [n]atural."  Compl., ¶ 8.  Specifically, Defendants "intentionally and conspicuously" represent on the label that their Annie's Naturals salad dressings are "natural" and that "[n]o artificial flavors, synthetic colors or synthetic preservatives" are contained in the products.  *Id.*  Plaintiff alleges that Defendants market the Annie's Naturals product as "natural" to "take advantage" of the growing market of healthy food products that do not contain potentially harmful artificial and synthetic ingredients, and to entice consumers to pay a premium for the products.  Compl., ¶ 10.

Plaintiff alleges that the products are not "natural" because they contain Xanthan Gum, which is a synthetic ingredient.  *Id.*  Xanthan Gum "is a powerful synthetic thickener that is commercially manufactured by fermenting bacteria with glucose, sucrose or lactose, which is then sterilized with isopropyl alcohol before being dried and milled for use commercially as a powder."  Compl., ¶ 13.

In April 2017, Plaintiff purchased a bottle of Annie's Naturals salad dressing at a Walmart.  Compl., ¶ 1.  She alleges that as "a health conscious consumer, she was drawn to the representation that the dressing was a 'natural' product," and that "[i]n her mind, she understood that there was no synthetic ingredient in the salad dressing, since it was represented as 'natural.'"  *Id.*

Plaintiff asserts eight causes of action in her class action complaint: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* and similar laws of other states; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, e*t seq.*; (3) negligent misrepresentation; (4) intentional misrepresentation; (5) breach of express warranty; (6) breach of the implied warranty of merchantability; (7) breach of the implied warranty of fitness of purpose; and (8) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*  *See* Compl.

On October 20, 2017, Defendants filed the instant motion to dismiss, or alternatively, to transfer the proceedings to the Northern District of California where the *Rosillo* action is pending. Doc. No. 16.

<h2 style="text-align:center">LEGAL STANDARD</h2>

The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). The rule "is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. U.S. Dep't. of Army*, 611 F.2d 738, 750 (9th Cir. 1979). Although discretionary, the rule "normally serves the purpose of promoting efficiency well and should not be disregarded lightly." *Id.* The rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

A district court examines three factors in deciding whether to apply the rule: (1) the "chronology of the lawsuits;" (2) the "similarity of the parties;" and (3) the "similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). There are three exceptions to the first-to-file rule: (1) bad faith, (2) anticipatory suit, and (3) forum shopping. *Alltrade*, 946 F.2d at 628.

<h2 style="text-align:center">DISCUSSION</h2>

Defendants argue that the Court should dismiss Plaintiff's class action complaint based on the first-to-file rule because the *Rosillo* action was filed first, the parties in both cases are "exactly similar," and the class issues in the two cases are substantially similar. *See* MTD at 10-13. Plaintiff argues that the first-to-file rule's rationale is inapplicable to this case and urges the Court to use its discretion to allow the case to proceed in this Court "in the interest of a timely resolution of the controversy, and in light of ongoing harm to consumers in this district." Oppo. at 5. Specifically, Plaintiff contends that "there exists no danger of a multiplicity of litigation" because the *Rosillo* action is stayed,

5

Plaintiff will be prejudiced if this case is not permitted to proceed in this Court, and because "the cases could easily be later consolidated in" this court. *Id.* at 6-13. The Court does not find these arguments persuasive. The overriding purpose of the first-to-file rule is to promote efficiency and prevent duplicity, and that goal would be frustrated were the Court to deny application of the rule because one action is stayed, Plaintiff wishes to proceed in this Court, and because the cases could be consolidated at a later time. *See Henry v. Home Depot U.S.A., Inc.*, No. 14cv4858-JST, 2016 WL 4538365, at *3 (N.D. Cal. Aug. 31, 2016) (explaining that denying application based on delay in notifying the court of the duplicative action or plaintiff's choice of forum are not enough for the court to ignore the "future efficiency consequences of placing the cases" in different forums); *see also Rosas v. Raytheon Aircraft Co.*, No. 06-cv-184, 2007 WL 1520992, at *4 (S.D. Tex. May 21, 2007) (finding the first-to-file rule applicable even where the first-filed case is stayed).

## 1. *Chronology*

As the name of the rule implies, the dismissal or stay is in favor of, or the transfer is to, the court presiding over the earlier-filed lawsuit. *See e.g.*, *Alltrade*, 946 F.2d at 623. Although *Rosillo* was filed almost four months prior to the filing of the instant action, Plaintiff argues that Defendants have not answered in either action and the Northern District of California declined to hear Defendants' motion to dismiss in the *Rosillo* action in light of granting a stay. Oppo. at 6. Even though Defendants have not answered in *Rosillo*, that court has issued a substantive ruling with respect to staying the case under the primary jurisdiction doctrine over two months ago. *See Rosillo, et al. v. Annie's Homegrown, Inc., et al.*, No. 17cv2474-JSW, Doc. No. 46. In this case, this Order will be the first ruling issued by this Court. *See* Docket. Accordingly, the first prerequisite is satisfied. *Guthy-Renker Fitness, LLC v. Icon Health & Fitness Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998) (explaining that where the first action was filed approximately three months before the second, the chronology factor was satisfied); s*ee Kohn*, 787 F.3d at 1240 (noting that the inquiry is "which lawsuit was filed first").

## 2. *Similarity of Parties*

In a class action, the court compares the classes, not the class representatives. *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (citing Cal. Jur. 3d Actions § 284); *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) (concluding that "the classes and not the class representatives, are compared"). The Ninth Circuit has held that "only substantial similarity of the parties," not "exact identity of the parties," is required to satisfy the second prerequisite of the first-to-file rule. *Kohn*, 787 F.3d at 1240. In class action cases, district courts have required that the classes "represent at least some of the same individuals." *Adoma*, 711 F. Supp. 2d at 1148.

In the *Rosillo* action, Rosillo and Kohn seek to represent a class defined as "all persons in the United States who purchased Annie's Naturals Products." *Rosillo, et al. v. Annie's Homegrown, Inc., et al.*, No. 17cv2474-JSW, Doc. No. 25. Rosillo also seeks to represent a subclass of "all Class Members who purchased Annie's Naturals Products in California," and Kohn seeks to represent a subclass of "all Class Members who purchased Annie's Naturals Products in New York." *Id.* In the instant action, Plaintiff seeks to represent a class of "[a]ll citizens of the United States, its territories and Puerto Rico who purchased Annie's Naturals Products for personal, household, or family purposes in the six years preceding the filing of this Petition." Compl., ¶ 18.

Thus, the complaints in both *Rosillo* and the instant action assert claims on behalf of a nationwide class of consumers of Annie's Naturals products. *See Rosillo, et al. v. Annie's Homegrown, Inc., et al.*, No. 17cv2474-JSW, Doc. No. 25; Compl., ¶ 18. While the instant action specifies the consumers must be "citizens of the United States, its territories and Puerto Rico" and specifies the timing and use of purchase, the *Campbell* class is subsumed within the *Rosillo* class. Compl., ¶ 18; *see Rosillo, et al. v. Annie's Homegrown, Inc., et al.*, No. 17cv2474-JSW, Doc. No. 25. At a minimum, the Court finds that the classes "represent at least some of the same individuals." *Adoma*, 711 F. Supp. 2d at 1148. Accordingly, the second prerequisite is met.

### 3. *Similarity of Issues*

The issues in both cases "need not be identical, only substantially similar." *Kohn*, 787 F.3d at 1240. "To determine whether two suits involve substantially similar issues, [courts] look at whether there is 'substantial overlap' between the two suits." *Id.* at 1241. *Rosillo* and the instant action substantially overlap one another. *See Rosillo, et al. v. Annie's Homegrown, Inc., et al.*, No. 17cv2474-JSW, Doc. No. 25; Compl. The factual allegations contained in both complaints are nearly identical. Both complaints allege that Annie's Naturals salad dressings contain the word "natural" on the label, when in fact they contain xanthan gum, which is a synthetic ingredient. Both complaints also allege that the use of the word "natural" is deceptive and misleading. Even further, both complaints raise the following common causes of action: (1) violation of California's UCL, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (2) violation of California's FAL, Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (3) violation of the CLRA, Cal. Civ. Code §§ 1750, e*t seq.*; (4) negligent misrepresentation; (5) breach of express warranty; and (6) breach of the implied warranty of merchantability. *See Rosillo, et al. v. Annie's Homegrown, Inc., et al.*, No. 17cv2474-JSW, Doc. No. 25; Compl. Courts have found actions present similar issues where claims in both actions implicate "common factual issues." *See Adoma*, 711 F. Supp. 2d at 1149. Accordingly, the third prerequisite is met.

### 4. *Exceptions to the First-to-File Rule*

Three exceptions to the first-to-file rule exist: (1) bad faith; (2) anticipatory suit; and (3) forum shopping. *Alltrade*, 946 F.2d at 628. Plaintiff has neither argued nor shown that any of the three exceptions apply. *See* Oppo. Additionally, the Court finds no suggestion that the *Rosillo* case was brought in bad faith or as an anticipatory suit, and finds no evidence of forum shopping. As such, no exception to the first-to-file rule applies.

### 5. *Appropriate Remedy*

Having found the first-to-file rule applicable, the Court turns to whether to dismiss, transfer, or stay this case. *Alltrade*, 946 F.2d at 623. The Court notes that the causes of

action raised in the two cases are not identical, and for that reason, the Court declines to dismiss this case. The Court finds that a transfer is preferable to a stay because a transfer would better serve the first-to-file doctrine's objectives of efficiency and avoiding inconsistent judgments. *See Cadenasso v. Metro. Life Insurance Co.*, No. 13cv5491-JST, 2014 WL 1510853, at *11 (N.D. Cal. Apr. 14, 2014) (finding transfer, rather than stay, "most appropriate" because decision of another district court "would not be binding"). Accordingly, the Court will transfer the action, rather than stay or dismiss the action.

<u>CONCLUSION</u>

For the reasons stated above, Defendants' motion to dismiss or transfer is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Court **DENIES** Defendants' motion to the extent Defendants seek to dismiss the above-entitled action; and

2. **GRANTS** Defendants' motion to transfer.

**IT IS FURTHER ORDERED** that the Clerk of Court **TRANSFER** this matter to the United States District Court for the Northern District of California.

**IT IS SO ORDERED.**

Dated: December 15, 2017

Hon. Michael M. Anello
United States District Judge